JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 1140-1144 WEST 105TH STREET LP, | ) | NO. CV 14-9971-GW (JEMx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |
| RICHELLA GLOVER, | ) | |
| Defendant. | ) | |

1140-1144 WEST 105TH STREET LP,

               Plaintiff,

      v.

RICHELLA GLOVER,

               Defendant.

NO. CV 14-9971-GW (JEMx)

**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION**

       The Court will remand this unlawful detainer action to state court summarily because Defendant Richella Glover ("Defendant") removed it improperly.

       On December 31, 2014, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

       Plaintiff could not have brought this action in federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question

1    jurisdiction, and therefore removal is improper.  28 U.S.C. § 1441(a);[1] see Exxon Mobil Corp v.

2    Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611, 2623 (2005).  As an initial matter,

3    Defendant alleges that the state court complaint is a "Complaint [for] Unlawful Detainer" (Notice

4    of Removal at 2; see id. at 3), and the face page of the state court complaint attached to the

5    Notice of Removal lists only a single cause of action for unlawful detainer.  (See Notice of

6    Removal, Exhibit A.)  Pursuant to Defendant's allegations, therefore, the state court complaint

7    contains no federal statutory or constitutional question.  See Wescom Credit Union v. Dudley,

8    2010 WL 4916578, at *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under

9    federal law."); Indymac Federal Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010)

10   ("No federal claim is alleged in the Complaint[]" where "[t]he Complaint contains a single cause

11   of action for unlawful detainer.").

12        Moreover, it is well-settled that "a case may *not* be removed to federal court on the basis

13   of a federal defense . . . even if the defense is anticipated in the Plaintiff's complaint, and even

14   if both parties concede that the federal defense is the only question truly at issue."  Caterpillar Inc.

15   v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) (italics in original).   Nor can a

16   counterclaim "serve as the basis for [§ 1331[2]] 'arising under' jurisdiction."  Holmes Grp., Inc. v.

17   Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32, 122 S.Ct. 1889, 1893-94 (2002).  Thus,

18   to the extent Defendant's defenses or counterclaims to the unlawful detainer action are based on

19   alleged violations of federal law, those allegations do not provide a basis for federal-question

20   jurisdiction.

21        Finally, even if complete diversity of citizenship exists, the amount in controversy does not

22   _____

23   [1]  28 USC § 1441(a) provides that:

24        Except as otherwise expressly provided by Act of Congress, any civil action
          brought in a State court of which the district courts of the United States have
25        original jurisdiction, may be removed by the defendant or the defendants, to
          the district court of the United States for the district and division embracing
26        the place where such action is pending.

27   [2]  28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil

28   actions arising under the Constitution, laws, or treaties of the United States."

1   exceed the diversity-jurisdiction threshold of $75,000.  See 28 U.S.C. §§ 1332,[3] 1441(b).[4]  "In

2   unlawful detainer actions, . . . the amount of damages sought in the complaint, not the value of

3   the subject real property, determines the amount in controversy."  Litton Loan Servicing, L.P. v.

4   Villegas, 2011 WL 204322, at *2 (N.D. Cal. 2011) (noting that "[i]n unlawful detainer actions such

5   as this one, California courts have noted that  the right to possession alone is involved – not title

6   to the property[]") (internal quotation marks, brackets and citation omitted).  Here, the face page

7   of the state court complaint states that the amount in controversy does not exceed $10,000.

8   Because the damages sought from the unlawful possession of the property do not exceed

9   $75,000, this Court lacks diversity jurisdiction.  See 28 U.S.C. § 1332(a); St. Paul Mercury Indem.

10  Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938) (the status of the case as

11  disclosed by the plaintiff's complaint is controlling for purposes of removal).

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19

20  _____

21      [3]  28 U.S.C. § 1332(a) provides that diversity jurisdiction exists only in suits between citizens
    of different states and "where the matter in controversy exceeds the sum or value of $75,000,
22  exclusive of interest and costs."

23      [4]  28 U.S.C. § 1441(b) provides that:

24          (1) In determining whether a civil action is removable on the basis of the
            jurisdiction under section 1332(a) of this title, the citizenship of defendants
25          sued under fictitious names shall be disregarded.

26          (2) A civil action otherwise removable solely on the basis of the jurisdiction
            under section 1332(a) of this title may not be removed if any of the parties
27          in interest properly joined and served as defendants is a citizen of the State
            in which such action is brought.
28

1    Accordingly, IT IS ORDERED that:

2        1.  This matter shall be REMANDED to the Superior Court of California, County of Los

3  Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

4        2.  The Clerk shall send a certified copy of this Order to the state court.

5        3.  The Clerk shall serve copies of this Order on the parties.

6

7  DATED:  January 14, 2015.

8  _____

9                      GEORGE H. WU
                  UNITED STATES DISTRICT JUDGE

4